IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONG GUAN SHI DIAN XIAO WU TECHNOLOGY CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> SHENZHEN ZHANPUSIDA TECHNOLOGY CO., LTD. <br><br> Defendant. | Civil Action No. 2:26-cv-00312 <br><br> **JURY TRIAL DEMANDED** |

**DECLARATORY JUDGMENT COMPLAINT FOR PATENT NON-INFRINGEMENT**

Plaintiff DONG GUAN SHI DIAN XIAO WU TECHNOLOGY CO., LTD. d/b/a "ELECWIZARDS" ("Plaintiff") files this declaratory judgment complaint against Defendant SHENZHEN ZHANPUSIDA TECHNOLOGY CO., LTD. ("Defendant") and alleges as follows:

**NATURE OF THE ACTION**

1. This action is based on the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*. and the United States Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Plaintiff brings this civil action against Defendant to obtain declaratory judgment of non-infringement with respect to United States Patent No. 12,284,774 (the "'774 Patent" or "the Patent-in-Suit").

2. Attached hereto as **Exhibit 1** is a true and correct copy of the '774 Patent.

3. This action arises from an actual and justiciable case or controversy between Plaintiff and Defendant, caused by Defendant's patent assertion efforts based on the Patent-in-Suit targeting Plaintiff's lawful activities, despite the absence of any infringement of a valid

patent claim and the lack of any legally warranted relief.

## THE PARTIES

4. Plaintiff DONG GUAN SHI DIAN XIAO WU TECHNOLOGY CO., LTD., also known as DONG GUAN SHI DIAN XIAO WU KE JI YOU XIAN GONG SI, d/b/a "ELECWIZARDS" on Amazon.com ("ELECWIZARDS") is a limited liability company organized and existing under the laws of the People's Republic of China with a place of business at 莞樟路樟木头段137号新城市广场11栋701房, 东莞市樟木头镇, 广东省, 523631, CN.

5. Upon information and belief, Defendant SHENZHEN ZHANPUSIDA TECHNOLOGY CO., LTD. is a limited liability company organized and existing under the laws of the People's Republic of China with its registered place of business at 深圳市龙岗区布吉街道布吉圩社区吉华路69号中心广场B座办公8D-B470, 广东省, 518100, CN.

## PATENT-IN-SUIT

6. The '774 Patent, entitled "Emergency Starting Power Supply for Vehicle," was issued on April 22, 2025. Defendant is listed as both the Applicant and Assignee on the '774 Patent. The '774 Patent was issued from U.S. Patent Application No. 18/931,174 (the "'174 Application"), filed on October 30, 2024, which is a continuation of the U.S. Patent Application 18/608,984 (the "'984 Application") filed on March 19, 2024, now U.S. Pat. No. 12,171,079 (the "'079 Patent"). Thus, the '774 Patent is a "child" patent of the '079 Patent.

7. The '774 Patent claims priority to the Chinese patent application with the filing No. 202323131586.9 filed with the Chinese patent office on November 16, 2023.

## RELATED DISTRICT COURT PROCEEDINGS

8. On November 24, 2025, Defendant filed a patent infringement action against six (6) entities in this judicial district captioned *Shenzhen Zhanpusida Technology Co., Ltd. v. The Individuals, Partnerships, And Unincorporated Associations Identified In Schedule A*, No. 2:25-cv-1826 ("Concurrent 25-1826 Action").

9. On December 31, 2025, due to Defendant's submission of additional patent infringement complaints with the Amazon.com e-commerce platform, four defendant entities in the Concurrent 25-1826 Action filed a patent non-infringement action against Defendant in this judicial district captioned *Shenzhenshiposhenkejifazhanyouxiangongsi et al. v. Shenzhen Zhanpusida Technology Co., Ltd.*, No. 2:25-cv-2027 ("Concurrent 25-2027 Action", together with the Concurrent 25-1826 Action the "Concurrent Actions").

10. Both the Concurrent Actions are presently pending in front of the Honorable Judge Robert J. Colville and involve patents in the same family as the present proceeding.

11. Both the Concurrent Actions involve the same category of products as those implicated in the present proceeding, i.e., jump starter devices for vehicles sold on the Amazon platform.

12. In the Concurrent 25-1826 Action, Defendant asserts two utility patents in the same family as the Patent-in-Suit, namely, United States Patent Nos. 12,336,125 B2 (the "'125 Patent") and 12,336,129 B2 (the "'129 Patent"). The '125 Patent was issued from U.S. Patent Application No. 18/929,675 (the "'675 Application"), which is a continuation of the '984 Application. The '129 Patent was issued from U.S. Patent Application No. 18/931,098 (the "'098 Application"), which is also a continuation of the '984

Application. Thus, like the Patent-in-Suit, both the '125 Patent and the '129 Patent are "child" patents of the '079 Patent.

13. In the Concurrent 25-2027 Action, plaintiffs therein assert non-infringement of two utility patents in the same family as the Patent-in-Suit, namely, the '079 Patent and United States Patent No. 12,356,570 B2 (the "'570 Patent"). The '570 Patent was issued from U.S. Patent Application No. 18/932,575 (the "'575 Application"), which is a continuation of the '984 Application. Thus, like the Patent-in-Suit, the '570 Patent is a "child" patent of the '079 Patent.

14. The Patent-in-Suit shares an identical title, "Applicant," "Inventor," "Assignee," drawings and substantially identical written specifications with the '079 Patent, the '570 Patent, the '125 Patent and the '129 Patent.

## JURISDICTION AND VENUE

15. This action arises under the United States Patent Act, 35 U.S.C. § 1, *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

16. This Court has personal jurisdiction over Defendant because this action is substantially related to and arises out of the same nucleus of operative facts as the Concurrent Actions currently prosecuted by and against Defendant in this judicial district. For example, the Patent-in-Suit shares a common specification, title, parent application, applicant, inventor, and assignee with the related patents in the Concurrent Actions. This action and the Concurrent Actions all involve the same category of accused products, namely jump starter devices for vehicles sold on the Amazon platform. Both the Concurrent Actions and Defendant's patent infringement complaints filed with Amazon against Plaintiff are

part of Defendant's patent assertion campaign based on highly related patents in the same patent family.

17. Alternatively, this Court has personal jurisdiction over Defendant under FRCP 4(k)(2) because Defendant not only obtained the Patent-in-Suit in the United States but also is actively enforcing it against Plaintiff by submitting an infringement complaint to Amazon, a U.S.-based company, in an attempt to halt Plaintiff's sales of the accused products throughout the United States.

18. Venue is proper in this judicial district because Defendant is not a resident in the United States, thus may be sued in any judicial district.

## FACTUAL BACKGROUND

### Plaintiff's Business and Product

19. Plaintiff is an Amazon seller whose only product offering on Amazon.com is a jump starter identified by Amazon Standard Identification Number ("ASIN") B0FH28XVCH (the "Accused Product").

20. Plaintiff employs a range of sales and promotion strategies to market and sell its jump starters on the Amazon.com marketplace.

21. Plaintiff has earned substantial business and goodwill through reliable business practices and consistent delivery of quality products. Consumer reviews of Plaintiff's Amazon store as of February 20, 2026 indicate strong customer satisfaction: a 12-month average rating of 4.8 out of 5.

22. Plaintiff engages in interstate commerce, including within the Commonwealth of Pennsylvania, through the sale of the product accused by Plaintiff of infringing the Patent-in-Suit.

**Defendant's Infringement Accusations Against Plaintiff**

23. Defendant is listed as both the Applicant and Assignee on the Patent-in-Suit.

24. Upon information and belief, beginning in late October 2025, Defendant repeatedly lodged infringement complaints with Amazon.com to initiate e-commerce patent enforcement actions against a number of competitors in the jump starter segment with the intent to disrupt and terminate their lawful commercial activities on the Amazon marketplace throughout the United States.

25. On February 3, 2026, Amazon notified Plaintiff of a patent infringement complaint (Amazon Complaint ID 19373583251, or "Defendant's Amazon Complaint") submitted by Defendant, alleging that the Accused Product infringes the Patent-in-Suit.

| Plaintiff | Plaintiff's Amazon ID | ASIN of Accused Product | Patent Asserted | Defendant's Amazon Complaint ID | Date of Amazon's Notice of Enforcement |
|---|---|---|---|---|---|
| ELECWIZARDS | A2RY2VEW4CQY7D | B0FH28XVCH | US 12,284,774 | 19373583251 | 2/3/2026 |

26. Amazon's basis for this notification was merely "We received a report from a patent owner who believes the items listed at the end of this email infringe their U.S. Patent No. 12,284,774."

27. In its notification email, Amazon provided two options for Plaintiff to continue selling the Accused Product: 1) resolve the claim with the patent owner directly within the next three weeks; or 2) participate in the Amazon Patent Evaluation Express ("APEX") program.

28. An APEX agreement was included in Amazon's email to Plaintiff, which shows that Defendant premised its infringement assertion against Plaintiff and its APEX evaluation request on Claim 1 of the '774 Patent. However, Defendant's infringement accusation was cursory and contained no infringement analysis or patent claim chart.

29. Upon information and belief, APEX is a utility patent enforcement program operated by Amazon that permits purported utility patent holders to submit patent infringement assertions directly to Amazon for review by a neutral evaluator, without judicial adjudication.

30. Upon information and belief, under the APEX process, the patent holder submits a request for APEX by identifying the accused products by ASIN and asserting that such products infringe its patent. If Amazon approves the initiation of APEX, it notifies the accused sellers of the infringement allegations and asks them to participate in the evaluation.

31. To participate in APEX, each accused seller must pay a $4,000 evaluation fee. Amazon will then appoint a neutral patent evaluator to review briefing submitted by the parties. The APEX determination decides whether the accused product listings are covered by the asserted patent and, in turn, whether the listings may remain available for sale on Amazon or will be removed from the marketplace.

32. For relatively new Amazon sellers like Plaintiff, removal or suppression of the accused listings, even for a few days results in harms far beyond the immediate loss of sales and the incurrence of ongoing storage and inventory-holding costs. Under Amazon's algorithm-driven marketplace, products that are delisted or suppressed lose sales velocity, ranking, and competitive positioning within their respective product segments, and such disruption is particularly harmful to new sellers. Even if listings are later reinstated, they rarely recover their prior ranking or market visibility without substantial additional time and disproportionately increased advertising and promotional expenditures.

33. Because participation in the APEX process provides no assurance that Defendant will cease misusing Amazon's enforcement mechanisms to interfere with Plaintiff's lawful business activities, Plaintiff seeks relief from this Court to protect its rights and to prevent Defendant from further intentionally abusing Amazon's marketplace enforcement procedures.

## COUNT I

## DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT
## (UNITED STATES PATENT NO. 12,284,774)

34. Plaintiff repeats and realleges each allegation above as if fully set forth herein.

35. Plaintiff has not been making, using, selling, offering to sell, or importing any product that contains each and every element and limitation of any valid claim of the '774 Patent.

36. Plaintiff has not infringed, directly or indirectly, any valid claim of the '774 Patent either literally or via the doctrine of equivalents.

37. Defendant has alleged and continues to allege that the Accused Product sold by Plaintiff within the United States infringes the '774 Patent.

38. Defendant's patent infringement allegations have caused and, unless restrained and enjoined, will continue to cause irreparable harm to Plaintiff that cannot be adequately quantified or compensated by monetary damages alone and for which there is no adequate remedy at law.

39. Plaintiff is entitled to declaratory judgment adjudicating that the '774 Patent is not infringed by Plaintiff and enjoining Defendant from continuing its patent assertion campaign against Plaintiff in the United States.

40. An actual case or controversy exists between Plaintiff and Defendant based on Defendant's wrongful assertion of patent infringement against Plaintiff as to the '774 Patent, forming a justiciable controversy between the parties that is ripe for determination.

41. Defendant's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling Plaintiff to the attorneys' fees and costs incurred in this action to vindicate its legal rights and to restore its ability to compete fairly.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1. Declaratory judgment that Plaintiff does not and has not ever infringed the Patent-in-Suit.

2. An injunction against Defendant and its officers, directors, affiliates, subsidiaries, agents, servants, employees, attorneys, and all persons and entities in concert, privity, or participation with any of them ("Enjoined Parties") as follows:

    a. restraining and enjoining, preliminarily and permanently, any assertion of the Patent-in-Suit against the Accused Product;

    b. requiring that Defendant provide written notice of the injunction to all Enjoined Parties; and

    c. requiring that Defendant provide written notice of the injunction to Amazon and request Amazon to reinstate all affected listing due to Defendant's Amazon Complaint.

3. Judgment that this case is exceptional under 35 U.S.C. § 285 based on Defendant's conduct.

9

4. Judgment awarding Plaintiff its attorneys' fees and costs incurred in this action to vindicate its legal rights and to restore its ability to compete fairly.

5. That Plaintiff be awarded such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted,

Dated: February 20, 2026

*/s/ Zheng Gong*
Zheng Gong
(*pro hac vice* forthcoming)
Primary Bar No: IL 6323959
**ShinyRise PLLC**
1 East Erie St., Suite 525-5203
Chicago, IL 60611
Email: zheng.gong@shinyrise.com
Phone: 312-612-0288

*Counsel for Plaintiff*